LOUIS COHEN, Respondent, *v.* SADIE C. MAINTHOW, Appellant.

First Department, April 5, 1918.

Practice — consolidation of suit in equity with prior action in replevin — injunction — preservation of property in statu quo pending trial and decision.

A father in a suit against his daughter to have a deed from him to her declared to have been in trust and to have it revoked and canceled, and the trust revoked, and to require her to account, is not entitled to have said suit consolidated with a prior action in replevin by him against the defendant.

In so far as the property is involved in the replevin action, the plaintiff
is entitled to no further protection than is afforded by his remedy therein,
but with respect to the remaining real estate which is involved in his
present suit and the income therefrom, he may have it preserved *in
statu quo* by injunction and undertaking.

APPEAL by the defendant, Sadie C. Mainthow, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 27th day of November, 1917, appointing a
referee, except in so far as said order denies plaintiff's motion
to consolidate a replevin action between the same and other
parties with this action.

*Max Silverstein*, for the appellant.

*Louis Cohen*, respondent in person.

LAUGHLIN, J.:

This is a suit in equity by a father against his daughter
to have a deed from him to her absolute in form declared to
have been in trust, and to have it revoked and canceled and
the trust revoked, to require defendant to account before a
referee to be appointed therefor, for the appointment of a
receiver to take possession of the real property and collect
the rents and to take possession of personal property consist-
ing of insurance policies which it is alleged plaintiff was
improperly induced to assign to defendant and other funds
the proceeds of real estate so conveyed to defendant and sold
by her and surplus income from the real estate for which she
has not accounted, requiring defendant to deliver forthwith
to plaintiff the net income and profits from the trust now in
her possession and for an injunction enjoining her from dis-
posing of or incumbering the property.

The plaintiff had previously brought an action in replevin
against defendant, her husband and the Equitable Trust
Company to recover the personal property for which a recovery
and accounting are sought herein and the property had been
replevied and subsequently rebonded by the defendant.
The plaintiff moved to have his replevin action consolidated
with this, to require payment to him of a special fund deposited
by defendant with the Equitable Trust Company, alleged to
be surplus rentals, for a receiver of the trust estate, and

requiring the sheriff to deliver to the receiver the property replevied, for an injunction as prayed for in the complaint and to have a deed and deed of trust and bill of sale in a safe deposit box delivered to the clerk of the court subject to the further order of the court.

The court properly denied the motion to consolidate the actions but, instead of deciding whether plaintiff was entitled to any of the other reliefs demanded, appointed a referee to take proof with respect thereto and to report to the court. Both parties agree that the order of reference in effect refers the issues in the action and was improper and should be vacated. The plaintiff contends that his motion should have been granted in all respects and defendant claims that he was entitled to no relief.

In so far as the property is involved in the replevin action we think the plaintiff is entitled to no further protection than is afforded by his remedy therein. But with respect to the remaining real estate which is involved in this action and the income therefrom, we are of opinion that he is entitled to have it preserved *in statu quo* pending the trial and decision of the issues herein. It would seem, however, that such protection may be afforded by an injunction and undertaking. The order, therefore, excepting in so far as it denies the motion to consolidate the actions, should be reversed, but without costs, since plaintiff did not ask for the reference, and motion granted, without costs, to the extent of enjoining defendant from selling, mortgaging or otherwise incumbering the real property, and if defendant shall within ten days after the entry and service of the order of this court to be entered on the decision of the appeal file an undertaking in the sum of $1,000 with a surety company as surety or two sureties to be approved by a justice of the Supreme Court, then plaintiff's motion in all other respects will be denied, but otherwise a receiver of the rents and profits of the real property will be appointed.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, without costs, and motion granted to the extent stated in opinion, without costs. Order to be settled on notice.